On January 10, 2012, the appellants, by and through Attorneys James L. Beauso-leil, Jr. and Carla M. Bennett, filed an interlocutory appeal. Defs. ’ Pet. for Permission to Appeal, SU 12-01 (Jan. 10, 2012). The appellants sought review of a *406 non-final Trial Court judgment issued on December 21, 2011. Order (Lifting Stay of Civil Proceedings), CV 10-54 (HCN Tr. Ct., Dec. 21, 2011). The appellee, by and through Attorneys Matthew R. McBride and Christianna L. Finnern, timely filed an optional memorandum in opposition to the appeal. PL ’s Mem. of Law in Opp’n to Defs.’ Pet. for Permission to Appeal, SU 12-01 (Jan. 19, 2012); see also HCN R.App. P. 8, available at http://www.ho-ehunknation.com/?PageId=128.
This Court is constitutionally empowered “to establish written rules for the Judiciary.” HCN Const., art. VII, § 7(b), available at http://www.ho-ehunknation com/?PageId=294. Consequently, the Court has adopted several rules regarding service of process and appellate filing deadlines. Of particular relevance, the Court pronounced the Trial Court’s responsibility in connection with filing and serving judgments, final or interim.
All signed judgments shall be deemed complete and entered for all purposes after the signed judgment is filed with the Clerk. A copy of the entered judgment shall be mailed to each party within two (2) calendar days of filing. The time for taking an appeal shall begin running from the date the judgment is filed with the Clerk.
HCN R. Civ. P. 57, available at http:// www.ho-chunknation.com/?PageId=123. The filing and mailing dates may not necessarily correspond, but these dates are identical in the instant case. The Trial Court’s interim judgment was filed and mailed on Wednesday, December 21, 2011. Order (Lifting Stay of Civil Proceedings) at 15 (“A true and correct copy of the foregoing was sent to the ... parties of record this 21st day of December, 2011.”).
The appellants accordingly had until Tuesday, January 3, 2012, to file a timelj interlocutory appeal, accounting for the intervening weekend and legal holiday. HCN R.App. P. 10(a). The appellants, however, filed the appeal seven (7) calendar days later on Tuesday, January 10. 2012. The appellants assert that they “did not receive notice of the Order until January 5, 2012, when a copy of the Order was emailed to MCA by counsel for the Nation.” Defs.’ Pet. for Permission to Ap peal at 1. The appellants contend that thej have “ ‘demonstrate^] unforeseen or emergency circumstances’ ” by virtue declaring non-receipt of the judgment. Id. at 2 (quoting HCN R.App. P. 10(c)).
The appellants may be asking this Couri to infer that the Trial Court judgment did not reach them due to mailing during the holiday season, but they do not articulate such a justification. The United States Postal Service does not perform sendees on observed national holidays, meaning that mail was not processed on December 26, 2011, and January 2, 2012. http://about. usps.com/news/service-alerts/2011-federal-holidays.htm. Yet, thirteen (13) calendar days lapsed from the date of mailing to the filing deadline. The appellants did not dispute the asserted date of mailing; offer any proof of untimely receipt, even if through internal law office administration; or reveal the holiday/leave time of its attorneys or staff. Moreover, the appellants neglected to immediately contact this Court on January 5, 2012. choosing instead to delay any formal notice until filing the appeal five (5) calendar days later.
The Court deems that its rules contain adequate filing timeframes, and, therefore, has routinely denied untimely appeals in the past.[1] The Court shall not unduly *407 depart from this stance lest it sanction a violation of equal protection, i.e., “all persons similarly circumstanced shall be treated alike.” F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 64 L.Ed. 989 (1920); see also HCN Const., art. X, § 1(a)(8). The Court concludes that the appellants have filed an untimely interlocutory appeal, and have not presented adequate justification to warrant an extension of the filing deadline.
APPEAL DENIED
EGI HESKEKJET.

. See, e.g., Veronica L. Wilber v. Ho-Chunk Nation, SU 04-02 (HCN S.Ct., Apr. 14, 2004) (denying appeal since pro se tribal member appellant filed Notice of Appeal one (1) day *407 late, and, in any event, railed to detail basis of appeal); HCN Hous. Auth. v. Tyrone Swallow al., SU 01-16 (HCN S.Ct, Dec. 19, 2001) (denying appeal since pro se tribal member appellant filed Notice of Appeal eight (8) days late); Marie WhiteEagle v. Wis. Dells Head Start et al., SU 01-14 (HCN S.Ct., Nov. 27, 2001) (denying appeal since represented tribal member appellant filed Notice of Appeal one (1) day late); HCN Legislature v. HCN Gen. Council et al., SU 01-09 (HCN S. Ct, Aug. 22, 2001) (denying appeal since represented tribal entity appellant filed Notice of Appeal one (1) day late); HCN Dep't of Hous., Prop. Mgmt. Div. v. Charles C. Brown et al., SU 00-11 (HCN S.Ct., Aug. 18, 2000) (denying appeal since pro se tribal member appellant filed Notice of Appeal eleven (11) days late).